Michael Schumacher (#262403)
**RIGRODSKY & LONG, P.A.**
155 Jackson Street, #1903
San Francisco, CA 94111
Telephone: (415) 855-8995
Facsimile: (302) 654-7530
Email: ms@rl-legal.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PARSHALL, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> UNITED AMERICAN BANK, NICHOLAS J. SCHRUP, III, JOHN C. SCHRUP, NORMAN I. BOOK, JR., JAY PAUL LEUPP, DENNIS C. DISALVO, MARGARET A. TAYLOR, WILLIAM W. HILL, STEPHEN A. WAY, GUY ROUNSAVILLE, JR., HOWARD J. WEILAND, ROSANNE FOUST, RONALD L. BLAND, HERITAGE COMMERCE CORP, and HERITAGE BANK OF COMMERCE, <br><br> Defendants. | Case No. _____ <br><br> CLASS ACTION <br><br> **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934** <br><br> JURY TRIAL DEMANDED |

Plaintiff, by and through his attorneys, alleges upon personal knowledge as to himself, and upon information and belief based upon, among other things, the investigation of counsel as to all other allegations herein, as follows:

### SUMMARY OF THE ACTION

1.     This action stems from a proposed transaction announced on January 11, 2018 (the "Proposed Transaction"), pursuant to which United American Bank ("UAB" or the "Company") will be acquired by Heritage Commerce Corp ("Parent") and Heritage Bank of Commerce ("Merger Sub," and together with Parent, "Heritage").

2.     On January 10, 2018, UAB's Board of Directors (the "Board" or "Individual

Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Heritage.  Pursuant to the terms of the Merger Agreement, shareholders of UAB will receive 2.1644 Parent common shares for each share of UAB they own.

3.     On February 26, 2018, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.     The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of United American Bank common stock.

9.     Defendant UAB is a California corporation and maintains its principal executive offices at 150 Almaden Boulevard, San Jose, California 95113.  UAB common stock is traded

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

1  OTC under the ticker symbol "UABK."

2      10.    Defendant Nicholas J. Schrup, III serves as Chairman of the Board of UAB.

3      11.    Defendant John C. Schrup serves as President and Chief Executive Officer of

4  UAB.

5      12.    Defendant Norman I. Book, Jr. is a director of UAB.

6      13.    Defendant Jay Paul Leupp is a director of UAB.

7      14.    Defendant Dennis C. DiSalvo is a director of UAB.

8      15.    Defendant Margaret A. Taylor is a director of UAB.

9      16.    Defendant William W. Hill is a director of UAB.

10      17.    Defendant Stephen A. Way is a director of UAB.

11      18.    Defendant Guy Rounsaville, Jr. is a director of UAB.

12      19.    Defendant Howard J. Weiland is a director of UAB.

13      20.    Defendant Rosanne Foust is a director of UAB

14      21.    Defendant Ronald L.  Bland is a director of UAB.

15      22.    The defendants identified in paragraphs 10 through 21 are collectively referred to

16  herein as the "Individual Defendants."

17      23.    Defendant Parent is a California corporation and a party to the Merger

18  Agreement.

19      24.    Defendant Merger Sub is a California banking corporation, a wholly-owned

20  subsidiary of Parent, and a party to the Merger Agreement.

21  **CLASS ACTION ALLEGATIONS**

22      25.    Plaintiff brings this action as a class action on behalf of himself and the other

23  public stockholders of UAB (the "Class").  Excluded from the Class are defendants herein and

24  any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

25      26.    This action is properly maintainable as a class action.

26      27.    The Class is so numerous that joinder of all members is impracticable.  As of

27  February 26, 2018, there were approximately 950,178 shares of UAB common stock outstanding,

28

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

28.     Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

29.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

30.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

31.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

32.     UAB is a full-service commercial bank located in San Mateo County with full service branches located in San Mateo, Redwood City, and Half Moon Bay, California.   At September 30, 2017, the Company had approximately $336.4 million in assets, $225.0 million in net loans, and $303.9 million in deposits.

33.     On January 10, 2018, the Individual Defendants caused the Company to enter into the Merger Agreement with Heritage.

34.     Pursuant to the terms of the Merger Agreement, shareholders of UAB will receive 2.1644 Parent common shares for each share of UAB they own.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

35. On February 26, 2018, defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

36. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

37. First, the Registration Statement omits material information regarding UAB's financial projections, Heritage's financial projections, and the financial analyses performed by the Company's financial advisor, Sandler O'Neill + Partners, L.P. ("Sandler").

38. With respect to Sandler's *United American Bank Net Present Value Analyses*, the Registration Statement fails to disclose: (i) the "internal forecasts for United American Bank for the years ending December 31, 2017 through December 31, 2021, as provided by the senior management of United American Bank"; (ii) the terminal value of a share of United American Bank common stock at December 31, 2021; (iii) Sandler's basis for applying price to 2021 earnings per share multiples ranging from 10.0x to 18.0x and price to December 31, 2021 tangible book value per share multiples ranging from 100% to 150%; and (iv) the inputs and assumptions underlying the discount rates ranging from 10.0% to 15.0%.

39. With respect to Sandler's *Heritage Net Present Value Analyses*, the Registration Statement fails to disclose: (i) the "consensus mean analyst earnings per share estimates for Heritage for the years ending December 31, 2018 and December 31, 2019, as adjusted by the senior management of Heritage for certain tax rate changes"; (ii) the "estimated long-term annual earnings per share growth rate for the years thereafter and dividend payout ratio, as provided by the senior management of Heritage"; (iii) the terminal value of Heritage common stock at December 31, 2021; (iv) Sandler's basis for applying price to 2021 earnings per share multiples ranging from 14.0x to 18.0x and price to December 31, 2021 tangible book value per share multiples ranging from 160% to 260%; and (v) the inputs and assumptions underlying the discount rates ranging from 9.0% to 15.0%.

40. With respect to Sandler's *Pro Forma Merger Analysis*, the Registration Statement fails to disclose: (i) the "internal financial projections for United American Bank for

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

the years ending December 31, 2018 through December 31, 2021, as provided by the senior management of United American Bank and adjusted by the senior management of Heritage"; (ii) the "consensus mean analyst earnings per share estimates for Heritage for the years ending December 31, 2018 and December 31, 2019, as adjusted by the senior management of Heritage for certain tax rate changes"; (iii) the "long-term annual earnings per share growth rate for the years thereafter and dividend payout ratio, as provided by the senior management of Heritage"; and (iv) the assumptions relating to purchase accounting adjustments, cost savings, transaction expenses, retirement of the preferred stock issued by UAB, and Heritage's currently pending acquisition of Tri-Valley Bank as provided by the senior management of Heritage.

41.     With respect to Sandler's *United American Bank Comparable Company Analyses*, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by Sandler in the analysis.

42.     With respect to Sandler's *Analysis of Selected Merger Transactions*, the Registration Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Sandler in the analysis.

43.     With respect to Sandler's *Heritage Comparable Company Analyses*, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by Sandler in the analysis.

44.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.  Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

45.     Second, the Registration Statement omits material information regarding potential conflicts of interest of Sandler.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

46.     Specifically, the Registration Statement fails to disclose all of the services Sandler has provided to Heritage and its affiliates in the past two years, as well as the amount of compensation received by Sandler for such services.

47.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

48.     Third, the Registration Statement fails to disclose whether any non-disclosure agreements executed by the Company and the prospective bidders contained standstill and/or "don't ask, don't waive" provisions that are or were preventing those counterparties from submitting superior offers to acquire the Company.

49.     Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

50.     Fourth, the Registration Statement omits material information regarding potential conflicts of interest of the Company's officers and directors.

51.     Specifically, the Registration Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications.

52.     Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

53.     Fifth, the Registration Statement fails to disclose the terms and value of Company B's indication of interest submitted to the Company in September 2017.

54.     The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement:   (i) Background of the Merger; (ii) Reasons for the Merger and Recommendation of the United American Bank Board of Directors; (iii) Opinion of United American Bank's Financial Advisor; and (iv) Interests of United American Bank Directors' and Executive Officers' in the Merger.

55.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to UAB's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and UAB**

56.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

57.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  UAB is liable as the issuer of these statements.

58.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.   By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

59.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

60.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to

vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

61.    The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

62.    By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

63.    Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Heritage

64.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

65.    The Individual Defendants and Heritage acted as controlling persons of UAB within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of UAB and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

66.    Each of the Individual Defendants and Heritage was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

67.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as

9

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

68.     Heritage also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

69.     By virtue of the foregoing, the Individual Defendants and Heritage violated Section 20(a) of the 1934 Act.

70.     As set forth above, the Individual Defendants and Heritage had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to file a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: March 16, 2018

RIGRODSKY & LONG, P.A.

By:  */s/ Michael Schumacher*

Michael Schumacher (#262403)
155 Jackson Street, #1903
San Francisco, CA 94111
Telephone: (415) 855-8995
Facsimile: (302) 654-7530
Email: ms@rl-legal.com

Seth D. Rigrodsky
Gina M. Serra
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934